FRANCISCO A. R. SANABRIA and JONAS B. BEVILQUA, Plantiffs in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*Indictment — court will not take judicial notice of foreign coins — what objections to an indictment may be taken after verdict and judgment.*

The plaintiff in error was convicted of forgery in the third degree in attempting to forge an instrument purporting to be a pecuniary obligation of the Empire of Brazil. The instrument which was set forth in the indictment in the Portuguese language, with an English translation, states that "the national treasury will pay to bearer this quantity of *twenty mil-reis*, value received."

*Held,* that as the mil-reis was not money of this country, and as the court could not take judicial notice that it was a coin at all, it did not appear that the instrument involved any pecuniary demand or obligation upon the part of the Empire of Brazil, and that the indictment was insufficient.

*Held,* further, that the objection might be taken after verdict and judgment thereon.

WRIT of error to the Court of General Sessions of the city and county of New York, to review the conviction and sentence of the plaintiffs in error of an attempt to commit forgery in the third degree.

*William F. Howe,* for the plaintiffs in error.

*Daniel G. Rollins,* for the defendants in error.

BARRETT, J.:

The plaintiffs in error were convicted of an attempt to commit the crime of forgery in the third degree. The indictment proceeds upon the theory that the instrument set out therein purports to be a pecuniary obligation of the Empire of Brazil. (3 R. S. [Banks' 6th ed.], page 944, sec. 34, sub. 2.) Such instrument was in the Portuguese language, and was set out according to its tenor, together with an English translation, which is in the following words:

"Empire of Brazil. The national treasury will pay to bearer this quantity of twenty mil-reis, value received.

"LINO GLZ LUZ MIZ."

The objection is taken upon behalf of the plaintiffs in error that the instrument, as thus set out, does not show any value known to our laws.

A mil-reis is not money of this country. We cannot know judicially that it is a coin at all, nor consequently that the promise involves any pecuniary demand or obligation upon the part of the Empire of Brazil. Like some other foreign words, the term mil-reis may be occasionally used in our language. But it is not a term therein. By referring to the various works cited by the learned district attorney, we can doubtless be fully enlightened as to the term. But the prisoners were entitled to be thus informed upon the face of the indictment. We think the objection well taken.

It is urged that the objection comes too late after verdict and judgment, and we are referred in support of this position to *Warshaner's Case* (1 Moody's C. C., 466). In that case, seven of the judges were of opinion that the statement that the notes were for the payment of money, to wit, five florins, without showing what money florins were, was insufficient. But the defect was considered to be cured by the 7 George IV (cap. 64, § 21), the offense being described in the words of the statute. The offense in that case was not the forging or attempting to forge a written instrument, but the having in possession, knowingly and without authority or lawful excuse, of two certain plates upon which were engraved, in the Polish language, a promissory note for the payment of money of a foreign prince. This of itself was made a felony by 11 George IV and 1 William IV (cap. 66, § 19). The pleader charged the felonious possession of the plate upon which the promissory note, " purporting to be a promissory note for payment of money of a certain foreign prince," was engraved. The statute was strictly followed, and consequently (7 George IV, cap. 64, § 21) was applicable. This latter section provides that " where the offense charged has been created by any statute, the indictment shall, after verdict, be held sufficient if it describe the offense in the words of the statute."

We, therefore, deem this case important only in the expression of opinion as to the insufficiency of the indictment before the verdict.

Nor do we think that the objection is met by the statutory pro-

vision that " all writs, process, proceedings and records in any court within this State shall be in the English language (except that the proper and known names of process and *technical words* may be expressed in the language heretofore, and now commonly used "). (3 R. S. [6th ed.], 439, § 23.)   This refers to technical words used in legal proceedings.   There is no such technical word known to the law as mil-reis.   But the question is not at all as to a technical legal term.   It is as to the sufficiency of the indictment in matter of substance; that is, as to the averment of an essential fact.

It is unnecessary to consider the other questions presented, as we feel constrained upon this single point to direct a reversal of the judgment, and the discharge of the plaintiffs in error.

Brady, J., concurred.

Present — Davis, P. J., Brady and Barrett, J.J.

Judgment reversed.   Plaintiffs in error discharged.